UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RICHIE F. LEVINE**  :  CIVIL CASE NO: 4:07-CV-1856
548 US HIGHWAY 15  :
SOUTH WILLIAMSPORT  :
PENNSYLVANIA, 17702-7024  :
:
(PLAINTIFF)  :
:
v.  :
:
**WALMART STORES, INC.**  :
2150 WILKES BARRE TWP MARKETPLACE  :
STORE #1623  :
WILKES BARRE, PA 18702-6059  :
:
(DEFENDANT)  :         FILED
:      WILLIAMSPORT, PA
:
**GENERAL INFORMATION SERVICES, INC.** :       OCT 1 2 2007
EMPLOYMENT BACKGROUND REPORTING  :
917 CHAPIN ROAD  :       MARY E. D'ANDREA, CLERK
POST OFFICE BOX 353  :       Per _____
CHAPIN, SC 29036-8003  :            Deputy Clerk
:
(DEFENDANT)  :
:

COMPLAINT

1.   The plaintiff Richie F. Levine, a citizen of the County of Lycoming, State of Pennsylvania, residing at 548 US Highway 15, South Williamsport, PA 17702-7024 wishes to file a complaint under **15 U.S.C. § 1681**.

2.   The defendants are: Wal-Mart Stores, Inc., Megan's located at 2150 Wilkes Barre TWP Marketplace, Store #1623, Wilkes Barre, PA 18702-6059 and General Information Services, located at 917 Chapin Road, Post Office Box 353, Chapin, SC 29036-8003.

3.   **STATEMENT OF CLAIM:** I hereby assert violations against Wal-Mart Stores Inc. and General Information Services, Inc. as conspirators on the basis of my rights under the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq). The following are the facts as known by me at the time of submission of this complaint.

## CIRCUMSTANCES:

On or about August 19, 2004 I pled guilty in New York State to one count of Attempted Dissemination of Indecent Material To A Minor In The 1st Degree. On or about July 18, 2007 I was interviewed by the Wilkes-Barre, Pennsylvania Wal-Mart in connection to my application for employment. That day I went through both interviews and was offered the position of cashier pending a background check and drug test. At the time I was interviewed by Jacqueline, the Hiring Manager, she asked me to sign a release in order to get a background check on me. At that time I reminded her and Donna, the Personnel Manager that I had a felony conviction and asked if that would prevent me from being hired. She indicated at that time if a background check was run I would be ineligible if I applied to other stores. Jackie decided that she would not hire me based upon the felony and I told her that I revoked permission for the background check since the offer for hire was withdrawn. She assured me that no background check would be run. On July 31, 2007 Wal-Mart proceeded to run an unauthorized background check in order to determine if I was eligible to be employed without my consent since I had revoked permission and had not been offered the job. On August 1, 2007, General Information Services, Inc. prepared a report indicating that I was not-competitive due to a felony conviction of Lewdness (including Indecent Exposure)/Attempted which was not correct. I also had the name of Randy Dow on my report and that was also an error. On August 8, 2007 I again received a letter indicating the incorrect felony and Mr. Dow on my report even after I had called on August 2, 2007 to the automated telephone response and informed them of the mistakes. On August 27, 2007 I sent out a letter indicating that I had not heard anything from them and that they needed to correct the information and supplied them proof of my felony conviction attached. On September 6, 2007 I received a letter from General Information Services that, *"...our reinvestigation has found that the original GIS report is correct as was originally provided to GIS by Wal-Mart."* I again sent a dispute letter out to GIS indicating they need to clear up the matter since Wal-Mart will not. Find attached to this complaint the background report and the correspondence.

## FEDERAL VIOLATIONS:

The Fair Credit Reporting Act (FCRA) imposes two general sets of duties on furnishers of credit information: first, they must provide accurate information to a credit reporting agency and, second, they must (1) conduct an investigation with respect to disputed information, (2) review all relevant information provided by the consumer reporting agency, (3) report the results of the investigation to the consumer reporting agency, and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other national consumer reporting agencies. **(Consumer Credit Protection Act, § 623(a, b), as amended, 15 U.S.C.A. § 1681s-2(a, b))**.

I contend that both Wal-Mart and General Information Services violated my rights under the Fair Credit Reporting Act by:

A) Failing to take reasonable steps to ensure the accuracy of the initial report **(a violation of § 1681e(b))**, and that both defendants subsequently failed to reinvestigate after I notified them of the alleged inaccuracy **(a violation of § 1681i(a)(1)(A) and § 1681s2(b))**. Listing Randy Dow and the incorrect felony and not ensuring its accuracy would constitute a violation under these clauses.

B) The evidence that exists provided in this complaint suggests conspiracy between General Information Systems, Inc. and Wal-Mart Stores, Inc. to violate any of the duties imposed under the Fair Credit Reporting Act. Therefore, either party can be held vicariously liable under conspiracy theory of liability. **(Consumer Credit Protection Act, §§ 602-622, as amended, 15 U.S.C.A. §§ 1681-1681t.)**. I contend that both defendants are liable and have conspired together to avoid blame for running the background check and failing to address the errors in it.

C) I assert that Wal-Mart Stores, Inc. and General Information Services, Inc. deliberately and willfully conspired in failing to properly reinvestigate and correct the consumer report as required by **15 U.S.C. § 1681i.** These acts permanently damaged my employment record and impaired my future employment opportunities with Wal-Mart. I claim that both defendants' acts *"caused me permanent and irreparable harm and damage, including without limitation the loss of future wages."* A credit reporting agency and a user of consumer report information should not be allowed to actively engage in a conspiracy to violate the FCRA and shield themselves from liability simply because of a classification with regard to their use of the consumer information. If this was so, an employer can then refuse to hire an employee on the basis of this consumer report, assured that the erroneous report will not be corrected. Thus, the employer and agency have successfully agreed and conspired to violate one of the agencies' affirmative duties under the Act and violate it.

D) I assert that the defendants' violation of FCRA has caused me injury due to my revocation of the background check on July 18, 2007 and subsequent running of the background check on July 31, 2007. Since offer for employment was withdrawn, the background check never needed to be run. **Consumer Credit Protection Act, § 602 et seq., as amended, 15 U.S.C.A. § 1681 et seq.** Under law I do not have to prove that malice nor evil motive were necessary to establish finding of willfulness of violation of the Fair Credit Reporting Act; willfulness can be demonstrated by the showing of knowing and intentional commission of an act or acts (running a background check when no offer of employment was going to be given and when permission had ceased 13 days earlier by withdrawal of offer) and in conscious disregard for my rights. In this case Wal-Mart Stores, Inc. committed a violation by running an unauthorized background report and forwarding the request to General Information Services, Inc. for processing when it had no authority to do so. **Consumer Credit Protection Act, § 615(a-c), as amended, 15 U.S.C.A. § 1681m(a-c).** I also exert economic loss due to depression and can document this. (Jorgensen v. TRW, Inc., U.S. Dist. Ct., D. Or., No. CV96286-JE, July 22, 1998.: *Defendant failed to follow reasonable procedures to assure the maximum possible accuracy in its credit reports.)*

E) The FCRA was enacted *"to promote efficiency in the Nation's banking system and to protect consumer privacy."* TRW Inc. v. Andrews, 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). I have a cause of action under FCRA for damages sustained due to "negligent [or willful] failure of a reporting agency to comply with any requirement imposed by the Act." **Id. at §§ 1681o, 1681n; Hyde v. Hibernia Nat'l Bank, 861 F.2d 446, 448 (5th Cir.1988); see also** Vonderheide v. IRS, No. C-1-96-161, 1996 U.S. Dist. LEXIS 10463 (S.D.Ohio July 2, 1996). The FCRA provides consumers with a cause of action for negligent noncompliance with §§ **1681e and 1681s-2(b)**, and permits the recovery of actual damages, costs, and attorney fees. **15 U.S.C. § 1681o**; see also Bruce, 103 F.Supp.2d at 1143 *(holding consumers have private causes of action against furnishers of credit information who violate § 1681s-2(b));* Campbell v. Baldwin, 90 F.Supp.2d 754, 756 (E.D.Tex.2000) (same). In this case I assert that Wal-Mart Stores, Inc. and General Information Services, Inc. are negligent because I clearly informed them that I had revoked permission to run the background report orally and in written form and it was not adhered to. Besides the information in the report was wrong and linked to another person, which neither defendant wants to fix, each not taking responsibility.

F) I contend that Wal-Mart Stores, Inc obtained information under false pretenses from General Information Services in violation of **15 U.S.C. § 1681q.** Wal-Mart Stores, Inc. had no intention of proceeding with the hiring process after July 18, 2007 as both Donna and Jackie denied my application and as such someone at Wal-Mart Stores, Inc. ran this report under such false pretenses. By facilitating the report, General Information Services, Inc. contributed to running an illegal background check without my consent.

**CONCLUSION:**

I hereby assert that Wal-Mart Stores, Inc. and General Information Services, Inc. should both be held liable for numerous violations of **15 U.S.C. § 1681** that have been demonstrated here. The exhibits provided demonstrate a need for the court to exercise its judgment and determine that the act has been violated.

4.   WHEREFORE, plaintiff prays for a monetary judgment from each defendant in the amounts of $1,000 in statutory damages, $5,000 for obtaining information under false pretenses, $25,000 in actual damages, $75,000 in punitive damages and any and all reasonable attorney's fees and costs for willful and negligent noncompliance with the Act.

(Signature of Plaintiff)



**Employment Background Reporting**

08/01/2007

Case #: 10713835

RICHIE F LEVINE
548 US HIGHWAY 15
WILLIAMSPORT, PA 17702         NWAL

Dear RICHIE F LEVINE:

Enclosed is a Consumer Report or Investigative Consumer Report that was requested by Wal-Mart Stores, Inc. in connection with your application for employment. Also enclosed is "A Summary of Your Rights Under the Fair Credit Reporting Act and any State Fair Credit Reporting Act."

This report includes public record information that is likely to have an adverse effect on your ability to obtain employment. The Consumer Report was prepared by us for Wal-Mart.

If you believe any of the information in the report is erroneous or if you have any comments about information in your report that you feel should be taken into account by Wal-Mart in making its employment decision, please provide them to the undersigned at the phone number listed. Additional information will only be considered if provided by the applicant.

General Information Services, Inc
Disclosure Department
PO Box 353
Chapin, SC29036
Toll-free telephone no.: 1-866-265-4917
Toll-free fax no.: 1-866-265-4921

Sincerely,

General Information Services, Inc on behalf of Wal-Mart

Enc.: Copy of Investigation Report
      Summary of Rights Under FCRA
      Dispute Request Form

# FAIR CREDIT REPORTING ACT DISCLOSURE FORM

At Wal Mart Stores, Inc., we are committed to maintaining a safe shopping and working environment for our Customers and our Associates. Pursuant to the Fair Credit Reporting Act (FCRA), you are hereby notified that Wal Mart Stores, Inc. may obtain a consumer report regarding you from a consumer reporting agency, when considering your application, when deciding whether to offer you employment, and when deciding whether to continue your employment. As an applicant for employment or an Associate of this Company, you are a consumer with rights under the FCRA.

A consumer report is any written, oral or other communication of any information by a consumer reporting agency. The customer reporting agency can retrieve information from all personnel, educational institutions, government agencies, companies, corporations, credit reporting agencies, law enforcement agencies at the federal, state or county level, relating to your past activities, to supply any and all information concerning your background. The information received may include, but is not limited to, academic, residential, achievement, job performance, attendance, litigation, personal history, credit reports, driving records, criminal history records, and personal interviews. The disclosure may include information on character, general reputation, personal characteristics, and mode of living. A consumer reporting agency is a person or business which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to others, such as Wal Mart Stores, Inc.

If Wal Mart Stores, Inc. obtains a consumer report about you, and if Wal Mart Stores, Inc. considers that information in deciding to take an adverse employment action against you, you will be provided with a copy of the consumer report before the decision is made final by Wal Mart as well as a copy of your rights under the FCRA. You are also free to contact the Federal Trade Commission about your rights under the FCRA at any time.

If you are applying for employment in the state of California, please note that a new Disclosure and Release of Information Authorization is required for any subsequent Consumer Report/Investigative Consumer Report.

**GENERAL INFORMATION SERVICES, INC.**
PROVIDING THE HIGHEST LEVEL OF SERVICE TO OUR CUSTOMERS THROUGH EXPERIENCE, PROFESSIONALISM, AND TECHNOLOGY

# WAL-MART
## Personnel Background Report

| | | | |
|---|---|---|---|
| **Name:** | LEVINE, RICHIE F | **Attention Of:** | Wal-Mart |
| **Res. Address:** | WILLIAMSPORT, PA 17702 | **Social Security #:** | xxx-xx-1566 |
| | 548 US HIGHWAY 15 | **Date of Birth:** | 4/17/1977 |
| **Date Requested:** | 7/31/2007 | **Customer ID:** | N-WALMRT |
| **Date Completed:** | 8/1/2007 (GU 1078) | **Case Number:** | 10713835 |
| | | **Position Applied For:** | 001-0990-0501 |
| **Report Type:** | CRIMINAL | | |
| **Reference ID:** | 01623 | **Disposition:** | **NOT COMPETITIVE** |

### GRADING RESULTS                                                                 NOT COMPETITIVE

| Service | Description |
|---|---|
| Criminal History Search | Felony: Lewdness (including Indecent Exposure) / Attempted |
| Comments: None | |

### ADDITIONAL CRIMINAL HISTORY INFORMATION

**Applicant admits to criminal conviction other than traffic violations?**
**Details:**

### SPECIALLY DESIGNATED NATIONALS AND BLOCKED PERSONS                    COMPETITIVE

| | |
|---|---|
| **Search Results:** | No match found in SDN* Database |
| **SDN Comments:** | None |

Note: * SDN = Specially Designated National; OFAC = Office of Foreign Assets Control

Additional information may be obtained by visiting the OFAC help web page, or by dialing the OFAC hotline number: (800) 540-6322.
Information in this report was obtained from the Office of Foreign Assets Control - U.S. Treasury Department.

### CRIMINAL HISTORY

| | | |
|---|---|---|
| **Jurisdiction:** | DEPARTMENT OF CORRECTIONS, NY | |
| **Dates Searched:** | 2000 to 8/1/2007 | |
| **Name(s) Searched:** | LEVINE, RICHIE F | |
| **Results:** | Summary: | No Record |

| | |
|---|---|
| **Jurisdiction:** | LYCOMING COUNTY, PA (FELONY AND MISDEMEANOR) |

**Dates Searched:** 2000 to 8/1/2007
**Name(s) Searched:** LEVINE, RICHIE F
**Results:** Summary: No Record

### KwikScreen ™ (GIS NATIONWIDE CRIMINAL DATABASE SEARCH)     COMPETITIVE ☞

No match was found within the GiS Nationwide Database.

### SOCIAL SECURITY NUMBER VALIDATION     COMPETITIVE ☞

Social Security # xxx-xx-1566 is Valid

Issued in New York, between 1982 and 1985

### NAME AND ADDRESS HISTORY

| Last Name | First, Middle | Address | City | State | Zip | County | Phone | DOB | From | To |
|---|---|---|---|---|---|---|---|---|---|---|
| DOW | | | | | | | | | | |
| | RANDY | 9742 ELPIS RD | CAMDEN | NY | 13316 | ONEIDA | | | | |
| LEVINE | | | | | | | | | | |
| | RICHIE F | 701 ASPEN PEAK LOOP APT 1712 | HENDERSON | NV | 89011 | CLARK | | | 11/2006 | 03/2007 |
| | RICHIE FOSTER | 171 CARDINAL RD APT 3 | HYDE PARK | NY | 12538 | DUTCHESS | | | 09/2005 | 03/2007 |
| | RICHIE FOSTER | 106 OAK RIDGE RD | HOPEWELL JUNCTION | NY | 12533 | DUTCHESS | | | 09/2005 | 03/2007 |
| | RICHIE F | 701 ASPEN PEAK LOOP APT 1 | HENDERSON | NV | 89011 | CLARK | | | 03/2007 | 06/2007 |
| | RICHIE FOSTER | 701 ASPEN PEAK LOOP APT 1 | HENDERSON | NV | 89011 | CLARK | | | 03/2007 | 06/2007 |
| | RICHIE FOSTER | 701 ASPEN PEAK LOOP APT 1712 | HENDERSON | NV | 89011 | CLARK | | | 11/2006 | 07/2007 |
| | RICHIE F | 171 CARDINAL RD 3 | HYDE PARK | NY | 12538 | DUTCHESS | | | 09/2005 | 01/2006 |
| | RICHIE F | 36 FLANNERY AVE APT A | POUGHKEEPSIE | NY | 12601 | DUTCHESS | | | 06/2004 | 02/2005 |
| | RICHIE F | 2625 SOUTH RD | POUGHKEEPSIE | NY | 12601 | DUTCHESS | | | 02/2005 | 05/2005 |
| | RICHIE F | 15 MCINTOSH DR | POUGHKEEPSIE | NY | 12603 | DUTCHESS | | | 06/2005 | 10/2005 |
| | RICHIE F | 10 NOTT PL | NEWBURGH | NY | 12550 | ORANGE | | | 07/2002 | 06/2004 |
| | RICHIE F | PO BOX 301 | VAILS GATE | NY | 12584 | ORANGE | | 00/1972 | 05/2000 | 03/2002 |
| | RICHIE F | 310 WINDSOR HWY | NEW WINDSOR | NY | 12553 | ORANGE | 8315968 | 04/1977 | 06/2000 | 06/2002 |
| | RICHIE F | 2066 STATE ROUTE 5 # 5 3 | UTICA | NY | 13502 | ONEIDA | | 00/1972 | 05/2000 | 09/2001 |
| | RICHIE F | RR 5 | UTICA | NY | 13502 | ONEIDA | | 00/1972 | 01/2000 | 01/2000 |
| | RICHIE F | 5498 PERU ST APT 3 | PLATTSBURGH | NY | 12901 | CLINTON | 8315968 | 04/1977 | 07/1997 | 01/2000 |
| | RICHIE F | 2066 STATE ROUTE 5 # 5 5 3 | UTICA | NY | 13502 | ONEIDA | | | 05/2000 | 05/2000 |
| | RICHIE F | 516 PARTRIDGE HILL RD | HOFFMEISTER | NY | 13353 | HAMILTON | | 00/1972 | 09/1998 | 01/1999 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | RICHIE F | 3702 SHORE PKWY | BROOKLYN | NY | 11235 | KINGS | 8315968 | 04/1977 | 10/1994 | 01/1999 |
| | RICHIE F | 516 PARTRIDGE HILL RD | BARNEVELD | NY | 13304 | ONEIDA | | 00/1972 | 03/1999 | 03/1999 |
| | RICHIE F | 2066 STATE RTE APT 53 | UTICA | NY | 13502 | ONEIDA | 8315968 | 04/1977 | 05/1999 | 09/1999 |
| | RICHIE F | 30 WHITEFACE HALL | PLATTSBURGH | NY | 12901 | CLINTON | | 00/1972 | 11/1996 | 01/1997 |
| | RICHIE F | 432 MARGARET ST RM 52ST | PLATTSBURGH | NY | 12901 | CLINTON | | 00/1972 | 03/1997 | 03/1997 |
| | RICHIE F | 2066 STATE ROUTE 5 3RD | UTICA | NY | 13502 | ONEIDA | | | | |
| | RICHIE F | PO BOX 481 | HOLLAND PATENT | NY | 13354 | ONEIDA | 8315968 | 04/1977 | | |
| | RICHE TU | 30 WHITEFACE HALL | PLATTSBURGH | NY | 12901 | CLINTON | | | | |
| RICHIE | | | | | | | | | | |
| | F LEVINE | 171 CARDINAL RD APT 3 | HYDE PARK | NY | 12538 | DUTCHESS | | | 09/2005 | 03/2007 |
| | F LEVINE | 106 OAK RIDGE RD | HOPEWELL JUNCTION | NY | 12533 | DUTCHESS | | | 09/2005 | 03/2007 |
| | F LEVINE | 701 ASPEN PEAK LOOP APT 1 | HENDERSON | NV | 89011 | CLARK | | | 03/2007 | 06/2007 |
| | F LEVINE | 701 ASPEN PEAK LOOP APT 1712 | HENDERSON | NV | 89011 | CLARK | | | 11/2006 | 07/2007 |
| | F LEVINE | 2625 SOUTH RD | POUGHKEEPSIE | NY | 12601 | DUTCHESS | | | 02/2005 | 02/2005 |
| | F LEVINE | 15 MCINTOSH DR | POUGHKEEPSIE | NY | 12603 | DUTCHESS | | | 06/2005 | 10/2005 |
| | F LEVINE | 36 FLANNERY AVE APT A | POUGHKEEPSIE | NY | 12601 | DUTCHESS | | | 06/2004 | 10/2004 |

You agree that your request for this report is permitted by law and that you intend to use the report only for a purpose permitted by the Fair Credit Reporting Act and local law, and no other purpose. This report is based upon observation and information provided to General Information Services, Inc. (GiS). For the fee charged, GiS does not assume any liability arising out of the use of this report by you or others. You, or any other user of this report, agree to hold GiS harmless from any liability arising from the use of this report.

The GiS Report Grading Service is strictly intended for use in the review process, and is based on rules defined by the employer. Graded reports are not intended to serve as a recommendation by GiS to employ or not employee an individual. Employment decisions are made by the employer based on company hiring guidelines.

Email Client Services
General Information Services, Inc. - P.O. Box 353 - Chapin, SC 29036 - (877) 590-4012

Richie F Levine
548 US Highway 15
South Williamsport, Pennsylvania 17702

General Information Services, Inc.
Employment Background Reporting
P.O. Box 353
Chapin, SC 29036
August 27, 2007

Re: *Case # 10713835*

To Whom It May Concern,

 I Richie F Levine, Date of Birth 04-17-77 hereby dispute your background report conducted as a service to Wal-Mart. I have left a message on your 1-866-265-2268 number provided but have not heard anything back since that time.
 The adverse action letter you sent lists an incorrect felony of Attempted Lewdness (which includes Indecent Exposure) when the felony I plead guilty to is Attempted Dissemination of Indecent Material to A Minor in the 1st Degree. Please find enclosed proof of what my felony conviction is based upon court record.
 In addition upon leaving the Wilkes-Berre Wal-mart I made it clear that I had revoked my permission for this background check. I should also inform you I know of no one named Randy Dow is connected with me and whom is listed on this report. By making me non competitive based upon a felony I was never convicted and using that information of a Mr. Dow, I have the right under the Fair Credit Report Act under Section 602 of the Act, (15 U.S.C. § 1681),to seek a maximum of $1000 in statutory damages, plus actual damages, punitive damages and reasonable attorney's fees and costs for willful noncompliance with the act, which it appears after consulting an attorney, that you are in violation of. Since I revoked permission orally, I do not hold GIS harmless from any liability nor do I agree to any such condition as stated in your report. If you do not answer this letter in thirty days to my satisfaction and my lawyers, I will file a federal complaint listing you as being at fault as well as Wal-Mart. I urge you to provide me a corrected copy and submit it to Wal-Mart.
 Contact me at your earliest so that my attorney and I can discuss the matter with you.


Sincerely,

*[signature]*
Richie Levine



*Employment Background Reporting*

September 6, 2007

Richie Levine
548 US Highway 15
S Williamsport, PA 17702                                Case # 10713835

Dear Applicant:

Following your written request for a consumer disclosure and your subsequent dispute of the information contained within the background investigation report prepared by General Information Services, Inc. (GiS), we reinvestigated the report data based on the new information you presented to GiS. Our reinvestigation has found that the original GiS report information (of which a copy has already been provided to you) is correct as was originally provided to GiS by the source(s) contacted.

If you still feel the information contained within the GiS background investigation report is not correct, we recommend that you contact the source of that information in order to correct the situation to your satisfaction.

Please contact our Consumer Disclosure Department toll-free at 866-265-4917 if we can be of further assistance.


Sincerely,

General Information Services, Inc.